UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CR-75-TLS |
| | ) | |
| MARK HONER | ) | |

**OPINION AND ORDER**

The Defendant, Mark Honer, pleaded guilty to distributing crack cocaine, a violation of 21 U.S.C. § 841(a)(1). This matter is before the Court on the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 75], filed pro se, and his Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [ECF No. 76], filed by counsel. The Government opposes the Defendant's Motions. For the reasons stated herein, the Court finds that the Defendant is not entitled to a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782, and denies his Motions.

**BACKGROUND**

An Indictment charged the Defendant with six counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of being felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

The Defendant and the Government entered into a written Plea Agreement, which was filed with the Court. The Defendant agreed to enter a plea of guilty to Count 3 of the Indictment, in return for the dismissal of Counts 1–2, and 4–7 of the Indictment. The Plea Agreement contained the following language regarding the Defendant's term of imprisonment:

> The government and I agree that I have one (1) prior felony drug conviction for purposes of applying 21 U.S.C. §841(b). The government has agreed that it will not

> seek to enhance my sentence pursuant to 21 U.S.C. §851 as a result of my prior felony drug conviction. In consideration thereof, the government and I agree that I should be sentenced to a term of imprisonment of 92 months. The above-mentioned agreement that I should receive a sentence of 92 months on Count 3 of the Indictment is a binding agreement pursuant to Rule 11(c)(1)(C).

(Plea Agreement ¶ 8.c, ECF No. 36.)[1]

Count 3 carried a statutory mandatory minimum of 60 months. Had the Government filed the notice under 21 U.S.C. § 851, the Defendant's mandatory minimum term of imprisonment would have been 120 months. According to the Defendant's Presentence Investigation Report, his Guideline imprisonment range was 235 to 293 months—the result of an offense level of 34 and a criminal history category of V. On May 2, 2013, the Court accepted the Plea Agreement and sentenced the Defendant to 92 months of imprisonment.

The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. Noting that his original sentence of 92 months was 61% below the low end of the applicable range, he argues for a sentence of 74 months because it is 61% below the amended range of 188 to 235 months. The Government opposes any reduction on grounds that the Defendant's sentence was not based on the Guidelines, but on a binding plea agreement term. Additionally, the Government notes that even if the Defendant were eligible for a reduction, he could not receive a sentence less than the minimum of the amended Guideline range, or 188 months.

---

[1] The Plea Agreement contains two paragraphs in a row that are labeled 8.c. The quoted paragraph is the second 8.c.

**DISCUSSION**

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c); *United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) ("A term of imprisonment is a final judgment that can only be modified in limited circumstances."). Title 18 U.S.C. § 3582(c)(2) permits a defendant to move for a sentence reduction if he was sentenced to a term of imprisonment "based on" a Guidelines sentencing range that has subsequently been lowered by retroactive amendment. The Government asserts that the Defendant's sentence was not based on the Guidelines. Instead, it was based on a plea agreement that contained a binding term of imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), also referred to as a (C) agreement. This subsection of Rule 11 permits parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case," and "binds the court [to the agreed-upon sentence] once [it] accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C); *see also id.* (c)(4) (providing that if the court accepts such an agreement, "it must inform the defendant that . . . the agreed disposition will be included in the judgment").

In *Freeman v. United States*, 131 S. Ct. 2685 (2011), the Supreme Court considered whether defendants who enter into plea agreements recommending a particular sentence as a condition of the guilty plea may be eligible for § 3582(c)(2) relief. No majority of the justices agreed on a single rationale. The narrowest, most case-specific basis for deciding *Freeman*, and thus the statement of controlling law, comes from Justice Sotomayer's concurrence. *United States v. Dixon*, 687 F.3d 356, 359 (7th Cir. 2012) (concluding that Justice Sotomayor's concurrence is controlling under *Marks v. United States*, 430 U.S. 188, 193 (1977)).

Under this binding precedent, a sentence imposed pursuant to a binding plea agreement

under Rule 11(c)(1)(C) is based on that agreement, not on the Guideline range, so that no relief is available under § 3582(c)(2). *Freeman*, 131 S. Ct. at 2696 (Sotomayor, J., concurring) ("The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation."). However, two limited exceptions are recognized. The first applies where the parties "agree that a specific . . . sentencing range is the appropriate disposition of the case." *Id.* at 2697 (quoting Fed. R. Civ. P. 11(c)(1)(C)). Under this particular type of (C) agreement, "the district court's acceptance of the agreement obligates the court to sentence the defendant accordingly, and there can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." *Id.*; *Dixon*, 687 F.3d at 359. For the second exception to apply, the plea agreement itself must "make clear that the basis for the specified term" is the applicable Guideline range. *Id.* at 2697 (stating that the "sentencing range [must be] evident from the agreement itself"); *Dixon*, 687 F.3d at 359.

The Defendant urges this Court to adopt Justice Kennedy's broader opinion from *Freeman*, notwithstanding the Seventh Circuit's decision in *Dixon*. (Reply 5, ECF No. 78.) But "a lower court has no authority to reject a doctrine developed by a higher one." *Olson v. Paine, Webber, Jackson & Curtis, Inc.*, 806 F.2d 731, 734 (7th Cir. 1986). The doctrine of *stare decisis* binds this Court to follow the decisions of the Supreme Court and of the Seventh Circuit, "unless events subsequent to the last decision by the higher court . . . make it almost certain" that these courts would overrule themselves if given the opportunity. *Id.* No such subsequent events are present here. Under *Marks v. United States*, 430 U.S. 188 (1977), "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the

4

holding of the Court may be viewed as that position taken by those [m]embers who concurred in the judgment on the narrowest grounds." 430 U.S. at 193 (quotations omitted). There is no reason to believe that the Seventh Circuit would overrule itself on this point. When announcing that Justice Sotomayor's approach was controlling, the Seventh Circuit commented that "*Marks* is easy to apply here." *Dixon*, 687 F.3d at 359.

Applying the law established by *Freeman* and *Dixon* to the facts of this case, the Court finds that the Defendant's term of imprisonment was not based on the Guidelines, but was based on the binding term set forth in his Plea Agreement. The Plea Agreement contains no mention of a Guideline range. Nor does it refer to an offense level or a criminal history category, and thus it is "impossible to infer from this agreement that the parties based their agreed [92]–month term on any guidelines range, let alone a range that the Sentencing Commission reduced through a retroactive amendment, as § 3582(c)(2) contemplates." *United States v. Scott*, 711 F.3d 784, 787 (7th Cir. 2013). "In short, the written terms of the agreement itself do not 'make clear' that any particular Guidelines range was 'employed.'" *Dixon*, 687 F.3d at 360 (quoting *Freeman*, 131 S. Ct. at 2697, 2700 (Sotomayor, J., concurring in the judgment)).

Because the Defendant's sentence was based on a negotiated and agreed term of imprisonment, and not based on or tied to the Guidelines, the Defendant is not eligible for a reduction under § 3582(c)(2). Further, even if the Court found that the Defendant was eligible, the Defendant could not receive a reduction below the minimum of the adjusted Guideline range of 188 to 235 months. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term

that is less than the minimum of the amended guideline range.")[2]; *Dillon v. United States*, 560 U.S. 817, 830 (2010) (holding that the restrictions that § 1B1.10 places on a sentence modification are mandatory rather than advisory). Because the Defendant is already serving a term of imprisonment of less than half this amount, Amendment 782 does not benefit him.

**CONCLUSION**

For the reasons stated above, the Court DENIES the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 75], and the Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [ECF No. 76].

SO ORDERED on October 14, 2015.

                                             s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT

---

[2] Although there exists an exception applicable to defendants who received a benefit for providing substantial assistance to authorities, U.S.S.G. § 1B1.10(b)(2)(B), the Defendant does not fall within this exception.